12/28/2009 13:58 FAX 5048838812          SF RIVERSIDE SHO          + CORPORATE LAW          004/013

**34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD**

**STATE OF LOUISIANA**

NO.  115   178                                              DIVISION "B"

**CYNTHIA FRANATOVICH AND DAVID FRANATOVICH**

**-VERSUS-**

**STATE FARM FIRE AND CASUALTY COMPANY**

*Lana R. Torres*

Deputy Clerk

Filed:  DEC 1 0 2009
        @ 2:50pm

**PETITION FOR DAMAGES**

The joint petition of Cynthia FRANATOVICH wife of/and David FRANATOVICH, all persons of majority and residents of the Parish of St. Bernard, State of Louisiana, respectfully represent:

1.

Made defendant herein is State Farm Fire and Casualty Company (hereinafter referred to as "State Farm"), a foreign insurance corporation organized under the laws of a state other than Louisiana and has its domiciled and principal place of business in a state other than Louisiana, but said defendant is qualified to do and/or doing business in this state and judicial district.

2.

Petitioners, Cynthia Franatovich wife of/and David Franatovich, are the owners of real estate bearing the municipal address, 2817 Moss Street, Violet, LA  70092, upon which a residence existed.

3.

Defendant, State Farm, issued a policy of insurance to petitioners, Cynthia Franatovich wife of/and David Franatovich bearing policy number 18-28-3454-4 that was in effect on or about August 29, 2005, insuring the property owned by petitioners as referenced in the foregoing paragraph.

4.

While the policy itself is best evidence of its contents, the coverage and limits established in the insurance contract are as follows:

| | | |
|---|---|---|
| Coverage A | Dwelling | $153,100.00 |
| | Dwelling Extension | $ 15,310.00 |
| Coverage B | Personal Property | $114,825.00 |
| Coverage C | Loss of Rents | $Actual Loss |

And, despite the coverage plaintiffs were only paid $11,105.55 under dwelling, $2,500 for food spoilage, nothing for contents, and $1,578.10 for prohibited use.


EXHIBIT

A

5.

On or about August 29, 2005, Hurricane Katrina came ashore in parts of southeastern Louisiana with winds in excess of one hundred thirty-five (135) miles per hour which caused serious and devastating damage to the roof, walls and windows and compromise the structural integrity of the home causing same to be a total loss.

6.

Petitioners, Cynthia Franatovich wife of/and David Franatovich, had personal property, in the home which they had accumulated during their life which was totally damaged, ruined or lost by the wind and rain entering the damaged dwelling up to and beyond the limits of coverage provided for personal property loss.

7.

Petitioners were required to evacuate in preparation for Hurricane Katrina on August 27, 2005 in compliance with a mandatory evacuation order declared by local and state authorities and were further prevented from returning to the property due to its damaged condition as a result of the hurricane winds thereby experiencing a loss of use and incurring additional loss of income of the damaged property and will continue to incur these expenses in the future up to and beyond the limits of coverage.

8.

Within several days after the occurrence of Hurricane Katrina, petitioners, Cynthia Franatovich wife of/and David Franatovich, contacted State Farm, who assigned an adjuster to evaluate and adjust the loss, at the home site.

9.

In 2005 petitioner submitted proof of their insured loss including a list of contents of personal property and loss of income and a demand for their payment from defendant, State Farm.

10.

In 2005, petitioners, Cynthia Franatovich wife of/and David Franatovich, inquired of the status of their claim and were told that, defendant, State Farm, refused to make any payment on the claim, including, upon information and belief, the obvious damage to the roof that could only and exclusively be caused by windstorm and exposed the contents to the rain water.

12/29/2009 13:59 FAX  5048838812          SF RIVERSIDE SHO          → CORPORATE LAW      ☒006/013

11.

Alternatively, petitioners, Cynthia Franatovich wife of/and David Franatovich, with full reservation on the claim that the loss was caused exclusively as a result of wind damage and covered under the policy, further claims the damage to their property was caused concurrently or was contributed to wind damage and water damage.  While the insurance policy purports to exclude water damage when joined by a concurrent insured peril such as windstorm, defendant, State Farm, placed a deductible amount for *water damage* losses.

12.

If defendant, State Farm, is relying on a provision in the contract of insurance which provides for an exclusion from certain coverages which is generally referred to as a "concurrent causation clause" to operate to exclude a covered loss when the loss is caused by, directly or indirectly, or concurrently contributed to by an excluded loss, even to the slightest degree.

13.

Petitioners, Cynthia Franatovich wife of/and David Franatovich, allege and will show that the "concurrent causation clause" is inapplicable to this claim and further that the "concurrent causation clause" is invalid and inoperable as a violation of La. R.S. 22:659, also known as Louisiana's Valued Policy law.

14.

Specifically, petitioners Cynthia Franatovich wife of/and David Franatovich, allege and will show that the defendant, State Farm, placed a valuation on the insured property and used that valuation for determining the premium charge for the policy requiring the insurer to compensate a covered loss or damage *"without deduction or offset."*

15.

Petitioners, Cynthia Franatovich wife of/and David Franatovich, further allege and will show that the "concurrent causation clause" violates other provisions of Louisiana law and is invalid and inoperable as being barred by consideration of public policy.

16.

Petitioners, Cynthia Franatovich wife of/and David Franatovich, allege and will show that interpretation and meaning of the "concurrent causation clause" failed to meet the reasonable expectation of the petitioners, particularly as such relates to this claim for personal property loss of contents, debris removal and expenses for loss of use.  The exclusion was not disclosed to petitioners at the time of the payment of the premium or in advance of the loss and the lack of the meeting of minds on this issue renders the clause inoperable.

12/29/2009 13:58 FAX 5048838812    SF RIVERSIDE SHU    + CORPORATE LAW    @007/013

17.

Petitioners, Cynthia Franatovich wife of/and David Franatovich were not aware of or advised of the existence of the exclusions and the "concurrent causation clause" in the policy of insurance because defendants failure and neglect to inform petitioners of the offending clause, when they knew or should have known the location of the insured property.

18.

Conversely, the existence of the provision of the policy of insurance from defendant, State Farm and issued to petitioners was concealed from petitioners by the defendant acting negligently, deliberately and/or in concert to effectively market their landlord's insurance in order to gain premium income.

19.

**Plaintiffs specifically allege that their damages alleged herein do not exceed $75,000.00 exclusive of interest and costs.**

20.

Defendant, State Farm, acted arbitrarily and capriciously and in bad faith in failing to make any offer to settle petitioners' claim entitling petitioners, Cynthia Franatovich wife of/and David Franatovich, to penalties and attorney's fees as provided for in Louisiana law, including but not limited to LSA-R.S. 22:658 and 22:1220 and La.C.C. art. 1997.

21.

Plaintiffs attach hereto certain interrogatories and Request for Production of Documents to be answered fully and completely within the delays allowed by law.

**WHEREFORE,** petitioners, Cynthia Franatovich wife of/and David Franatovich, pray that the defendant, State Farm Fire and Casualty Company, be cited and served with a copy of this petition and that after all legal delays and due proceedings had there be judgment herein in favor of the petitioners, Cynthia Franatovich wife of/and David Franatovich and against the defendant, State Farm Fire and Casualty Company on the cause of action stated, together with penalties, attorney's fees and legal interest on all claims asserted herein and for all costs of these

12/28/2009  14:00 FAX  5048858812          SF RIVERSIDE SHO        * CORPORATE LAW    ☒006/013

proceedings and for all general and equitable relief.

Respectfully Submitted:

LAW OFFICES OF TONRY & GINART

RICHARD A. TONRY (LSB #12859)
MICHAEL C. GINART, JR. (LSB #18910)
KIM C. JONES (LSB #22448)
CULLEN A. TONRY (LSB #29457)
DAVID GERNHAUSER, JR ( LSB #32468)
Attorney for Plaintiffs
2114 Paris Road
Chalmette, LA 70044-0032
Telephone:     504-271-0471
Facsimile:     504-271-6293

PLEASE SERVE:

State Farm Fire and Casualty Company
*Through the Louisiana Secretary of State*
8549 United Plaza Boulevard
Baton Rouge, Louisiana  70809

# A TRUE COPY
## Lena R. Torres
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

DEPUTY CLERK         DEC 1 4 2009
/S/Lisa L. Border.

12/28/2009 14:00 FAX 5048838812          SF RIVERSIDE SHO          * CORPORATE LAW    @008/013

34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 115 178                                    DIVISION " "

CYNTHIA FRANATOVICH AND DAVID FRANATOVICH

-VERSUS-

STATE FARM FIRE AND CASUALTY COMPANY

Filed: ___DEC 1 0 2009___          /S/Jennifer L. Matlock
                                         _____
                                              Deputy Clerk

VERIFICATION

STATE OF LOUISIANA

PARISH OF ST. BERNARD

BEFORE ME, the undersigned authority, personally came and appeared:

CYNTHIA FRANATOVICH AND DAVID FRANATOVICH

who, after being duly sworn did depose and say:

That they are the petitioners in the above and foregoing Petition for Damages;

That they have read the above and foregoing Petition and have found all of the

allegations contained therein to be true and correct to the best of their knowledge,

information and belief.

_____
CYNTHIA FRANATOVICH

_____
DAVID FRANATOVICH

SWORN TO AND SUBSCRIBED BEFORE

ME THIS ___ DAY OF ____, 2009.

_____
MICHAEL C. GINART, JR. NOTARY PUBLIC
LSBR# 18910
*My Commission is for life.*

# A TRUE COPY

### Lena R. Torres

CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

DEPUTY CLERK        DEC 1 4 2009

/S/Lisa L. Borden